AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

**LODGED**
CLERK, U.S. DISTRICT COURT
7/15/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: _____MMC_____ DEPUTY

# UNITED STATES DISTRICT COURT
for the
Central District of California

**FILED**
CLERK, U.S. DISTRICT COURT
07/15/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: _____KL_____ DEPUTY

United States of America

v.

ALFONSO SALDANA-SOLORIO,

Defendant

Case No.   2:25-MJ-04361-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of July 14, 2025, in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(a)(1) | Assaulting a Federal Officer |

This criminal complaint is based on these facts:

  *Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
Complainant's signature

Joseph P. Hamer, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: July 15, 2025

*Judge's signature*

City and state: Los Angeles, California

Hon. Patricia Donahue, U.S. Magistrate Judge
*Printed name and title*

AUSA: Christopher C. Kendall (x2576)

**AFFIDAVIT**

I, Joseph Hamer, being duly sworn, declare and state as follows:

## I.  PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against ALFONSO SALDANA-SOLORIO ("SALDANA-SOLORIO") for a violation of 18 U.S.C. § 111(a)(1): Assaulting, resisting, or impeding certain officers or employees.

2. The facts set forth in this affidavit are based upon my personal observations; my training and experience; and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

## II. BACKGROUND OF AFFIANT

3. I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI") and have been so employed since May 1, 2016. As a federal agent, I am empowered by United States law to conduct investigations regarding, and make arrests for, offenses enumerated in Title 18 of the United States Code. During my tenure as an SA, I have conducted and participated in numerous investigations of criminal activity, executed search

and arrest warrants, and seized evidence of federal criminal violations. Since April 1, 2019, I have been assigned to work violent crimes against children at the FBI's Ventura Resident Agency. My formal training includes 21 weeks of formal education at the FBI Academy, where I took classes on writing affidavits and providing evidentiary testimony. Prior to my assignment at the Ventura Resident Agency, I was assigned to the Los Angeles Violent Crime Task Force. As a member of this task force, I investigated various violent crimes, including bank robbery, extortion, kidnapping, and homicide.

### III. STATEMENT OF PROBABLE CAUSE

4. Based on my conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

**A.  Background**

5. On July 14, 2025, federal law enforcement officers with the Federal Bureau of Investigation ("FBI") and Immigration Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") were conducting surveillance in the vicinity of 8000 block of Glencrest Drive, Sun Valley, CA 91352. The surveillance operation was being conducted to locate and arrest SALDANA-SOLORIO on an Administrative I-200 Arrest Warrant, for being present in the United States after previously being removed.

6. SALDANA-SOLORIO's recreational vehicle ("RV") and automobile were both parked facing southbound on the west side of Glencrest Drive. ERO Officer H.P. was parked on Lanark

Street facing westbound.  ERO Officer D.Q. was also parked on the west side of Glencrest Drive facing southbound but was parked further south than SALDANA-SOLORIO's vehicles.  FBI SA G.G. was parked on the east side of Glencrest Drive, facing northbound but further south than D.Q.

7.   At approximately 7:20am, the federal law enforcement officers saw SALDANA-SOLORIO exit his RV and walk southbound on Glencrest Drive.  D.Q. announced to the team that SALDANA-SOLORIO had exited the RV.  H.P. then moved his vehicle onto Glencrest Drive and got out.  D.Q., who was further south on Glencrest Drive, got out of his vehicle and gave verbal commands to SALDANA-SOLORIO to stop.  SALDANA-SOLORIO turned and started to run northbound on Glencrest Drive, and H.P. was able to stop him.  The two ERO officers had SALDANA-SOLORIO up against a chain-link fence that was along the sidewalk.  G.G. remained in his vehicle at this point.

   **B.   Assault**

8.   The officers first had SALDANA-SOLORIO facing away from them up against the chain-link fence.  SALDANA-SOLORIO latched onto the fence with both hands making it difficult to handcuff him.  As they attempted to handcuff SALDANA-SOLORIO, SALDANA-SOLORIO became combative and appeared to attempt to strike the officers with his elbow and swing an arm around.  Once G.G. saw SALDANA-SOLORIO being combative he drove his vehicle up to the group and got out.  H.P. gave verbal commands to SALDANA-SOLORIO to stop resisting.  H.P. warned SALDANA-SOLORIO that if he did not comply with the commands, that H.P.

was going to use oleoresin capsicum ("OC") spray on him. SALDANA-SOLORIO continued to resist, and H.P. deployed his department issued OC spray on SALDANA-SOLORIO. As G.G. approached the group, SALDANA-SOLORIO kicked backwards striking G.G. in the right shin.

9. As the federal officers continued to attempt to handcuff SALDANA-SOLORIO, the group fell to the ground. Once on the ground, SALDANA-SOLORIO bit H.P. in the right wrist area. G.G. then tried to stop SALDANA-SOLORIO from biting H.P. and, in the process, SALDANA-SOLORIO bit G.G. approximately three times on G.G.'s right hand.

10. SALDANA-SOLORIO continued to resist the officers' commands. H.P. then reached over, grabbed D.Q.'s department-issued taser gun and used it. The taser gun had the desired effect and SALDANA-SOLORIO was placed in handcuffs.

11. As the officers walked with SALDANA-SOLORIO to the vehicle, he continued to resist and be combative. As they attempted to place SALDANA-SOLORIO's seat belt on him, he again attempted to bite G.G.

    **C.**    **SALDANA-SOLORIO Transported to the Hospital.**

12. The officers took SALDANA-SOLORIO to a local hospital for observation. I went to the hospital and attempted to interview SALDANA-SOLORIO, but he invoked his right to an attorney. SALDANA-SOLORIO was seen, discharged and cleared for transportation to a detention facility and cleared for booking.

13. While at the hospital I spoke with D.Q. who informed me that his back was hurting from the altercation with SALDANA-

SOLORIO and was going to seek medical treatment at an urgent care facility.

14. While at the hospital I spoke with H.P. who informed me that his wrist was sore from where SALDANA-SOLORIO bit him. I was able to see a red mark on the outside of HP's right wrist, which I also photographed. H.P. also informed me that he strained his right thumb during the assault. He too stated he was going to seek medical treatment.

15. While at the hospital I spoke with G.G. who complained that his right hand was sore from the multiple bites inflicted by SALDANA-SOLORIO. I was able to see red marks on his right hand. I also saw and photographed a small bruise on G.G.'s right shin below the knee, which G.G. believed was caused by SALDANA-SOLORIO kicking him with his boot.

## IV. CONCLUSION

16. For all of the reasons described above, there is probable cause to believe that SALDANA-SOLORIO has committed a violation of 18 U.S.C. § 111(a)(1).

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 15th day of
July, 2025.

_____
UNITED STATES MAGISTRATE JUDGE